40807, 40808. ALLEN v. THE STATE (two cases).

RUSSELL, Judge. In each of these cases the single special ground is but an amplification of the general grounds of the motion for a new trial. The defendant admitted breaking a window in the place of business of the prosecutor, but as against the charge of malicious mischief contended that he slipped on some loose gravel and the glass was broken accidentally as he fell. The defendant also admitted on another occasion delaying to leave the place of business of the prosecutor immediately on being asked to leave, but as against the charge of trespass contended that he was in fear of his life because an assailant was waiting for him outside with a gun. There is substantial eyewitness testimony in each case negating these

explanations. Conflicts in evidence being for the decision of the triors of fact, where issues of fact are in conflict, this court passes only on the sufficiency and not on the weight of the evidence. *Pryor v. State,* 102 Ga. App. 744 (117 SE2d 880).

The trial court did not err in overruling the motion for a new trial in each case.

*Judgments affirmed. Nichols, P. J., and Hall, J., concur.*

DECIDED SEPTEMBER 22, 1964.

*Robert E. Williams,* for plaintiff in error.
*Wilson P. Darden, Solicitor,* contra.